# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALLEN STEVEN WYNN | § | |
| | § | |
| V. | § | CASE NO. 4:05CV238 |
| | § | (Judge Schell/Judge Bush) |
| J.C. PENNEY CO., INC. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (Docket #28). Having considered the motion, Plaintiff's response, Defendant's reply, and Plaintiff's sur-reply, the Court is of the opinion that Defendant's Motion to Dismiss should be granted.

Plaintiff, who was initially proceeding *pro se*, filed his original complaint on June 20, 2005 claiming that Defendant had violated the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Specifically, Plaintiff alleged that Defendant intimidated and ultimately terminated him after he had taken FMLA leave due to depression following the death of his wife. Plaintiff subsequently retained counsel, and on September 30, 2005 filed an amended complaint in which he added a claim under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA") stating that "Defendant wrongfully discharged Plaintiff in violation of 29 U.S.C. § 1001, *et seq.*, including § 1132 and § 1140 (ERISA § 510).…" (Pl. Am. Comp., ¶ 6.02). Plaintiff claims that his ERISA claim arises out of the same set of facts alleged in the original complaint, and that the claim is therefore timely filed, as it relates back to the filing of the original complaint. The original complaint was filed three years after Plaintiff's June 19, 2002 termination. Defendant now moves for dismissal of Plaintiff's ERISA claim, stating that the

applicable statute of limitations is 2 rather than 3 years.

Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his complaint. Moreover, sufficient procedures are available to a defendant to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his complaint. *Reeves*, 532 F.2d at 494.

ERISA provides no statute of limitations for § 510 actions. *See McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir. 1991). However, the Fifth Circuit has held that § 510 actions are subject to the state law limitations period most analogous to a § 510 claim. *Id.* The Fifth Circuit has further found that § 510 claims are most similar to wrongful discharge or employment discrimination claims. *Id.* Under Texas law, such claims are subject to a 2-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. Defendant therefore argues that, even if Plaintiff's ERISA claim relates back to June 20, 2005, it is still barred by the statute of limitations, as it was filed 3 years after his termination.

Plaintiff cites *Varity Corp. v. Howe*, 516 U.S. 489 (1996) in support of his contention that the Supreme Court, since *McClure*, has held that a 3-year statute of limitations applies to ERISA

claims involving breach of a fiduciary duty.  Plaintiff also claims that the Fifth Circuit has since applied this ruling in *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 398-99 (5th Cir. 1998).  While both Courts applied a 3-year statute of limitations, neither Court applied a 3-year limitations period to a § 510 claim.  Rather, both Courts were applying the 3-year statute of limitations found in 29 U.S.C. § 1113 to claims arising under § 404, which involves breach of fiduciary duty.  Since *Varity* and *Radford*, the Fifth Circuit has affirmed its holding that a 2-year statute of limitations applies to § 510 claims.  *See Lopez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507 (5th Cir. 2004).  Plaintiff's § 510 claim was therefore filed one year after the statute of limitations period expired.

Plaintiff next argues that the statute of limitations should be tolled under TEX. CIV. PRAC. & REM. CODE § 16.001 because Plaintiff was suffering from a mental illness--depression.  Section 16.001 states:

> (a) For purposes of this subchapter, a person is under a legal disability if the person is:
> 
> ...
> 
> (2) of unsound mind.
> 
> (b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in the limitations period.

Plaintiff mentions legal disability nowhere in his original or amended complaints.  He first makes the argument in his response to Defendant's Motion to Dismiss.  Furthermore, even assuming that Plaintiff's depression rendered him of "unsound mind" for limitations purposes, he made no argument or showing that he was of unsound mind for a year or more, which would be required for the limitations period to be tolled until June 20, 2005.  Rather, Plaintiff states that he took bereavement leave at the end of December 2001, following the death of his wife, and returned to

3

work on March 29, 2002.  Even if Plaintiff was of "unsound mind" while grieving, he was of sound enough mind to return to his complex information technology job at J.C. Penney 3 months later. *See Freeman v. Am. Motorist Ins. Co.*, 53 S.W.3d 710 (Tex. App.–Houston 2001, no pet.) (finding "severely depressed" Plaintiff of sound mind because his thought processes were logical and coherent and he could care for his own hygiene without assistance).  Plaintiff has therefore not made a proper showing that the limitations period could be tolled long enough to render his § 510 claim timely filed.

Finally, Plaintiff argues that, even if his § 510 claim is barred by the statute of limitations, he plead a claim under § 404 by stating "Defendant wrongfully discharged Plaintiff in violation of 29 U.S.C. § 1001, *et seq.*, including § 1132 and § 1140 (ERISA § 510)…." (Pl. Am. Comp., ¶ 6.02).  Plaintiff essentially argues that, although he does not mention a claim for breach of fiduciary duty under § 404, he has met the notice pleading requirement by bringing suit under "29 U.S.C. 1001, *et seq.*"  The Court disagrees.  Plaintiff specifically cites and quotes § 510 in his complaint, but fails to mention or cite § 404, which is codified as 29 U.S.C. § 1104.  Furthermore, Plaintiff fails to mention fiduciary duty in his complaint or facts which would support a claim for breach of fiduciary.

Plaintiff argues, in the alternative, that he should be granted leave to amend his complaint to include a claim under § 404.  Plaintiff states that little discovery has occurred and such an amendment will not delay the trial or prejudice Defendant.  Considering that Plaintiff's counsel only recently entered the case, the Court will allow Plaintiff to amend his complaint to include a § 404 claim.

**RECOMMENDATION**

Based upon the foregoing, the Court finds that Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) should be GRANTED and that Plaintiff's ERISA § 510 claim should be DISMISSED WITH PREJUDICE.  The Court further finds that Plaintiff should be granted leave to amend his complaint to include a claim under ERISA § 404.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of December, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE